UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAURICE H. OLIVIER                          CIVIL ACTION

VERSUS                                      NO: 06-5948

STATE FARM FIRE & CASUALTY                  SECTION: "A" (2)
CO., ET AL.

## ORDER

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 5)** filed by defendants State Farm Fire & Casualty Co. and David Perret, Sr.  Plaintiff, Maurice H. Olivier, opposes the motion. The motion, set for hearing on March 21, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff, a Louisiana citizen, initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm") and David Perret, Sr., Plaintiff's insurance agent, also a Louisiana citizen.  Plaintiff alleges that Perret negligently failed to procure renters flood coverage for his contents leaving Plaintiff uninsured when Katrina's flood waters inundated his dwelling. Plaintiff seeks recovery for the loss of his damaged personal property.  Given that no policy was in effect, State Farm has been sued based on vicarious liability for Perret's alleged fault.

State Farm removed the suit alleging jurisdiction under the the provisions of 28 U.S.C. § 1369, commonly referred to as the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), as well as 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1332, diversity jurisdiction.

State Farm and Perret now move for summary judgment.

## II.  DISCUSSION

Federal courts have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if jurisdiction is lacking.  Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing Fed. R. Civ. P. 12(h)(3); In re Kutner, 656 F.2d 1107, 1110 (5th Cir. 1981)); 28 U.S.C.A. § 1447(c) (West 2006).  The question of subject matter jurisdiction can never be waived nor can jurisdiction be conferred by consent of the parties.  Id. (citing C. Wright A. Miller & E. Cooper, Fed. Prac. & Proc. § 3522 (1984)).

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal

2

jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000) (citing <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir.1988)).

The MMTJA does not provide a basis for State Farm to remove this suit. <u>See</u> <u>Berry v. Allstate</u>, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); <u>Case v. ANPAC La. Ins. Co.</u>, No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.). Further, this case was not properly removed pursuant to 28 U.S.C. § 1331, federal question jurisdiction, because Plaintiff's claims, although related to damage caused by flood, arise solely out of the failure to procure a flood policy. <u>See</u> <u>Johnson v. Williams</u>, No. 06-5630, Rec. Doc. No. 13 (Zainey, J.); <u>Landry v. State Farm Fire & Cas. Co.</u>, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); <u>Bennen v. Allstate Ins. Co.</u>, No. 06-5742, 2006 WL 3240786 (E.D. La. Nov. 6, 2006) (Lemmon, J.). The claims at issue in this case are strictly procurement claims and do not provide a basis for federal question jurisdiction.

The sole basis left for removal of the claims is diversity jurisdiction based on the allegation that Perret has been fraudulently joined to defeat federal jurisdiction. La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part:

3

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.*** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis added). Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Id. § 5606(D). Peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

It is undisputed that Plaintiff first procured renters coverage from Perret in March 2003. Thus, if Perret did in fact fail to procure the specific coverage that Plaintiff requested, then this omission occurred no later than March 2003. Pursuant to La. R.S. 9:5606 Plaintiff had three years from March 2003 to file

suit against Perret.  The instant suit was not filed until August 2006.  Because more than three years elapsed since Perret originally procured the policy for Plaintiff, it is of no consequence that Plaintiff did not learn of any alleged omissions until after he attempted to make a claim following Hurricane Katrina.  Moreover, policy renewals generally do not operate to restart the running of the peremptive period.  Dobson v. Allstate Ins. Co., No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.) (citing Biggers v. Allstate Ins. Co., 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004)).  The petition contains no allegations to suggest that any conduct on the part of Perret caused peremption to restart.  Plaintiff's claims against Perret are perempted so Plaintiff has no possibility of recovery against Perret in state court.  Consequently, Perret's citizenship shall be ignored for jurisdictional purposes.  The case is properly before this Court.

Turning now to the instant motion, Defendants are clearly entitled to judgment in their favor.  Section 5606 functions to extinguish any claim that Plaintiff had based on Perret's negligence, including a claim to hold State Farm vicariously liable for Perret's alleged omission.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 5)** should be and is hereby **GRANTED**.  Plaintiff's complaint is

dismissed.   Judgment shall be entered in favor of Defendants.

March 20, 2007

_____
JAY C ZAINEY
UNITED STATES DISTRICT JUDGE